**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **UNIFIED MESSAGING SOLUTIONS LLC,** | |
| Plaintiff, | **CIVIL CASE NO. _____** |
| **v.** | **JURY TRIAL DEMANDED** |
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY and GEICO ADVANTAGE INSURANCE COMPANY,** | |
| Defendants. | |

**COMPLAINT FOR PATENT INFRINGEMENT AGAINST
GOVERNMENT EMPLOYEES INSURANCE COMPANY AND GEICO
ADVANTAGE INSURANCE COMPANY**

Plaintiff Unified Messaging Solutions LLC files this Complaint against Government Employees Insurance Company and GEICO Advantage Insurance Company (collectively, "Defendants") for infringement of U.S. Patent No. 7,934,148 ("the '148 patent").

**THE PARTIES**

1.      Unified Messaging Solutions LLC ("Unified Messaging") is a limited liability company organized and existing under the laws of the State of Texas, with principal places of business located in Newport Beach, California and Frisco, Texas.

2.      Defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY is a Maryland corporation with its principal place of business in Chevy Chase, Maryland. This Defendant may be served with process through its registered agent, The Corporation Trust Incorporated, 351 West Camden Street, Baltimore, Maryland 21201. This Defendant does business in the State of Illinois and in the Northern District of Illinois.

3.     Defendant GEICO ADVANTAGE INSURANCE COMPANY is a Nebraska corporation with its principal place of business in Chevy Chase, Maryland.  This Defendant may be served with process through its registered agent, CT Corporation System, 1024 K Street, Lincoln, Nebraska 68508.  This Defendant does business in the State of Illinois and in the Northern District of Illinois.

## JURISDICTION AND VENUE

4.     Unified Messaging brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

5.     The United States District Court for the Northern District of Illinois has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.  It also has subject matter jurisdiction for pretrial proceedings pursuant to 28 U.S.C. § 1407.

6.     Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each Defendant is deemed to reside in the Northern District of Illinois, has committed acts of infringement in the Northern District of Illinois, has purposely transacted business in the Northern District of Illinois, and/or has regular and established places of business in the Northern District of Illinois.  Venue is also proper in the United States District Court for the Northern District of Illinois for pretrial proceedings pursuant to 28 U.S.C. § 1407.

7.     Each Defendant is subject to the United States District Court for the Northern District of Illinois's specific and general personal jurisdiction pursuant to due process and/or the Illionis Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (A) at least part of their infringing activities alleged herein; and (B) regularly

doing or soliciting business and, accordingly, deriving substantial revenue from goods and services provided to Illinois residents. With regards to pretrial proceedings, each Defendant is also subject to the United States District Court for the Northern District of Illinois's specific and general personal jurisdiction pursuant to 28 U.S.C. § 1407.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 7,934,148)

8.     Unified Messaging incorporates paragraphs 1 through 7 herein by reference.

9.     Unified Messaging is the exclusive licensee of the '148 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '148 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '148 patent is attached as Exhibit A.

10.     The '148 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

11.     Defendants have directly and/or indirectly infringed and continue to directly and/or indirectly infringe one or more claims of the '148 patent in this judicial district and elsewhere in Illinois and the United States, including at least claims 1, 7, 90, and 140 without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of various web-based messaging service(s) via their website(s) and/or attendant web server(s).

12.     More particularly, Defendants have committed direct infringements as alleged in Count V, through operation of their "View Previous Bills" feature of their online insurance offerings accessible through their website, www.geico.com.

13.     In the alternative, Defendants have committed indirect infringements as alleged in Count V at least through their inducing and/or contributing to the infringements of their customers via its "View Previous Bills" feature. Defendants have possessed knowledge of the '148 patent since at least the time of service of this Complaint. Defendants have known or should have known that their actions would induce or contribute to actual infringement by their customers. Defendants have specifically intended for their customers to use the "View Previous Bills" feature in a manner that infringes at least claims 1, 7, 90, and 140 of the '148 patent by instructing and/or encouraging the customers to use the "View Previous Bills" feature.

14.     Unified Messaging has been damaged as a result of Defendants' infringing conduct described in this Count V. Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Unified Messaging hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Unified Messaging requests that the Court find in its favor and against Defendants, and that the Court grant Unified Messaging the following relief:

a.     Judgment that one or more claims of the '148 patent has been infringed, either literally and/or under the doctrine of equivalents, by Defendants;

b.  Judgment that Defendants account for and pay to Unified Messaging all damages to and costs incurred by Unified Messaging because of Defendants' infringing activities and other conduct complained of herein;

c.  Judgment that Defendants account for and pay to Unified Messaging a reasonable, on-going, post-judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

d.  That Unified Messaging be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

e.  That Unified Messaging be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated:  January 16, 2013**                              Respectfully submitted,

_/s/ Timothy E. Grochocinski_
Edward R. Nelson, III
Texas State Bar No. 00797142
Lead Counsel
Brent N. Bumgardner
Texas State Bar No. 00795272
Christie B. Lindsey
Texas State Bar No. 24041918
Thomas C. Cecil
Texas State Bar No. 24069489
Jonathan H. Rastegar
Texas State Bar No. 24064043
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
(817) 377-9111
enelson@nbclaw.net
bbumgarnder@nbclaw.net
clindsey@nbclaw.net
tcecil@nbclaw.net
jrastegar@nbclaw.net

Timothy E. Grochocinski
Illinois State Bar No. 6295055
INNOVALAW, P.C.
1900 Ravina Place

Orland Park, IL 60462
(708) 675-1974
teg@innovalaw.com

**Attorneys for Plaintiff**
**Unified Messaging Solutions LLC**